CITIBANK, N.A., Plaintiff,

v.

NYLAND (CF8) LTD., et al., Defendants.

No. 86 Civ. 9181 (WK).

United States District Court,
S.D. New York.

Jan. 10, 1991.

Robert M. Abrahams, Schulte Roth & Zabel, New York City, for plaintiff Citibank, N.A.

Andrew Levander, Shereff, Friedman, Hoffman & Goodman, Philip R. Carter, Bernstein & Carter, Robert S. Smith, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Nyland (CF8) Ltd.

Perry S. Galler, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant New York Land Co.

Jeffrey J. Greenbaum, Sills Cummis Zuckerman Radin Tischman Epstein & Gross, New York City, for defendant the Republic of the Philippines.

Kathleen M. Comfrey, Shearman & Sterling, New York City, for Receiver Cushman & Wakefield.

Stephen E. Estroff, Gaston & Snow, New York City, Special Master.

Thomas Zaccaro, Office of the U.S. Atty., S.D.N.Y., New York City, for the Government.

MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Stephen E. Estroff, Esq., Special Master in the above-captioned foreclosure proceeding, has submitted an order confirming his Supplemental Report of Sale. As there has been no objection to the Report, there would ordinarily be no occasion for comment. However, Mr. Estroff's services have been so extraordinary that it would be inappropriate to let them pass without public recognition.

This petition by Citibank to foreclose its mortgage (which was clearly in default) on the office building situated at 40 Wall Street in Manhattan appeared on its face to

472

be a simple matter. However, title to the building was disputed by just about every entity involved in the Ferdinand Marcos scandal (the criminal aspects of which ultimately were resolved by Mrs. Marcos's acquittal on July 2, 1990). In addition to this international dispute, the very existence of the mortgaged estate was at risk because the underlying fee owner, a citizen of Germany, was threatening (with most colorable claims) to declare the ground lease in default and thereby pull the rug out from beneath the entire enterprise. Litigation before me and in another case before Judge Leval of this court, before the Bankruptcy Court of this district, and before several judges in state court was swirling on June 9, 1989, when Mr. Estroff was appointed Special Master to sell the mortgaged estate pursuant to an order I had entered on December 23, 1988. *See, e.g., Citibank, N.A. v. Nyland (CF8) Ltd.* (2d Cir.1989) 878 F.2d 620; *Republic of Philippines v. New York Land Co.* (2d Cir.1988) 852 F.2d 33; *Citibank v. Nyland (CF8) Ltd.* (S.D.N.Y.1987) 692 F.Supp. 1488.

Realizing that there would be nothing to sell until at least some of these disputes had been resolved, Mr. Estroff undertook negotiations with various of the parties (including a trip to Germany to meet with the underlying fee owner), which negotiations ultimately resulted in one aborted sale (from which the estate derived a forefeiture of $1.5 million) and a final sale pursuant to which the Special Master is now holding in escrow, in connection with the litigation before Judge Leval, a surplus of approximately $6.8 million.

To say that Mr. Estroff's services were above and beyond the call of duty would be the understatement of this decade. It is mete and proper that his contribution be publicly acknowledged.

Accordingly, the order confirming the report will today be entered.

SO ORDERED.